### TIMOTHY BARRETT ET AL. *v.* BESSIE MONTESANO ET AL.
### (SC 17004)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

---

Argued April 12—officially released June 22, 2004

*Carey B. Reilly*, for the appellants (plaintiffs).

*Stephen V. Manning,* with whom were *Michael G. Rigg* and, on the brief, *Donna R. Zito,* for the appellees (named defendant et al.).

*Joram Hirsch* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

*Opinion*

KATZ, J. The plaintiffs, Timothy Barrett and his parents, Diane Barrett and Douglas Barrett, appeal[1] from the summary judgment rendered against them in their medical malpractice action. On appeal, the plaintiffs claim that the trial court improperly concluded that their action had been untimely commenced under General Statutes § 52-584.[2] We agree with the plaintiffs and, accordingly, we reverse the judgment of the trial court.

The record discloses the following undisputed facts. On October 28, 1998, the plaintiffs, within two years of their discovery of actionable harm and within three years of Timothy Barrett's birth,[3] pursuant to General Statutes § 52-190a,[4] petitioned the court for an auto-

---

[1] The plaintiffs appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] General Statutes § 52-584 provides: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

[3] Timothy Barrett was born on November 14, 1995.

[4] General Statutes § 52-190a provides in relevant part: "(a) No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine

matic ninety day extension of the time periods for filing a claim under § 52-584 in order to make reasonable inquiry into whether there were grounds for a good faith belief that the defendants,[5] Bessie Montesano and Physicians for Women, P.C., had been negligent in their care and treatment of Timothy Barrett. On February 1, 1999, the plaintiffs commenced this action against the defendants alleging claims of medical malpractice, related to Timothy Barrett's birth, that resulted in his sustaining permanent brain damage. On March 15, 2002, the defendants filed a motion for summary judgment claiming that the action was time barred by the two year discovery section of § 52-584. The trial court, *White, J.*, determined that the issue of whether the action had been filed within the two year statute of limitations was a jury issue, and thus denied the motion. Thereafter, on December 26, 2002, the defendants filed another motion for summary judgment claiming that the action was time barred by the three year repose section of § 52-584. The trial court agreed with the defendants and accordingly, pursuant to that motion, rendered judgment in their favor on the ground that, while § 52-190a (b) permits extension of the two year statute of limitations contained in § 52-584, it does not permit extension of that statute's three year statute of repose.

On appeal, the plaintiffs claim that the trial court improperly held that the ninety day extension provided by § 52-190a (b) did not apply to the repose section

that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. . . .

"(b) Upon petition to the clerk of the court where the action will be filed, an automatic ninety-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by subsection (a) of this section. This period shall be in addition to other tolling periods."

[5] Danbury Hospital and Leonard Goldstein also were named as defendants in the plaintiffs' action. The claims against them, however, subsequently were withdrawn. References herein to the defendants are to Bessie Montesano and Physicians for Women, P.C., only.

of § 52-584, but, rather, applied only to the two year discovery provision of the statute. They contend that the three year repose section is part of the statute of limitations and is therefore extended by § 52-190a. The defendants argue in response that the exception provided by § 52-190a should be strictly construed in favor of protecting defendants from stale claims and that the term "statute of limitations" excludes the statute of repose contained in § 52-584. We agree with the plaintiffs.[6]

We begin with the appropriate standard of review. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies Corp.*, 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Id., 745. The party seeking summary judgment has the burden of

---

[6] Finally, the defendants claim, as an alternate basis upon which to affirm the judgment, that the automatic ninety day extension did not apply to the cause of action as it ultimately was filed by the plaintiffs. They claim that the plaintiffs' petition sought an extension for a cause of action that allegedly had occurred on or about *November 13, 1996*. The defendants point out, however, that the plaintiffs' complaint alleged a cause of action that had occurred on or about *November 14, 1995*, which is, therefore, a cause of action for which no extension had been granted. The plaintiffs respond that the reference to a different year was the result of a scrivener's error, which did not mislead the defendants. We agree. As evidenced by the affidavit attached to the defendants' motion for summary judgment, the defendants were aware that no medical services had been provided to Timothy Barrett or Diane Barrett after November 14, 1995. Therefore, under the circumstances, the incorrect date in the petition for a ninety day extension will not be permitted to defeat the plaintiffs' claim.

showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381 [now § 17-46]. . . . *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 105, 639 A.2d 507 (1994). . . . *Hertz Corp.* v. *Federal Ins. Co.*, 245 Conn. 374, 380–81, 713 A.2d 820 (1998)." (Internal quotation marks omitted.) *Witt* v. *St. Vincent's Medical Center*, 252 Conn. 363, 368, 746 A.2d 753 (2000).

In the present case, the procedural history is undisputed, and the case distills to an issue of statutory interpretation over which our review is plenary. See *Celentano* v. *Oaks Condominium Assn.*, 265 Conn. 579, 588, 830 A.2d 164 (2003). Accordingly, we begin with our well established principles of statutory interpretation in analyzing the plaintiffs' claim. Our legislature recently has enacted No. 03-154, § 1, of the 2003 Public Acts, which provides: "The meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." The relevant statutory text and the relationship of that text to the other statutes at issue here do not reveal a meaning that is plain and unambiguous. Accordingly, the analysis is not limited and we look to other factors relevant to the inquiry into the meaning of §§ 52-190a and 52-584, including their legislative history and the circumstances surrounding their enactment and their purpose.

This court recently had the occasion to discuss § 52-584 and took the "opportunity to restate the correct legal standard by which to evaluate the timeliness of causes of action in negligence. The limitation period for actions in negligence begins to run on the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. . . . In this regard, the term 'injury' is synonymous with 'legal injury' or 'actionable harm.' 'Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care, should have discovered the essential elements of a cause of action. *Catz* v. *Rubenstein*, [201 Conn. 39, 44, 513 A.2d 98 (1986)]. A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of action in negligence; they are therefore necessary ingredients for ' "actionable harm." ' Id. Furthermore, 'actionable harm' may occur when the plaintiff has knowledge of facts that would put a reasonable person on notice of the nature and extent of an injury, and that the injury was caused by the negligent conduct of another. Id., 47. In this regard, the harm complained of need not have reached its fullest manifestation in order for the limitation period to begin to run; a party need only have suffered some form of ' "actionable harm." ' Id., 43, 45." (Citation omitted.) *Lagassey* v. *State*, 268 Conn. 723, 748–49, 846 A.2d 831 (2004). Unlike the two year limitation section of § 52-584, "the repose portion of § 52-584 which provides that 'no action may be brought more than three years from the date of the act or omission complained of' bars the bringing of suit more than three years after the alleged negligent conduct of a defendant regardless of when a plaintiff discovers the proximate cause of his harm or any other essential element of a negligence cause of action." *Catz* v. *Rubenstein*, supra, 49–50; see also *Baxter* v. *Sturm, Ruger & Co.*, 230 Conn.

335, 341, 644 A.2d 1297 (1994) ("While statutes of limitation are sometimes called statutes of repose, the former bars [a] right of action unless it is filed within a specified period of time after [an] injury occurs, while statute[s] of repose [terminate] any right of action after a specific time has elapsed, regardless of whether there has as yet been an injury. Black's Law Dictionary [6th Ed. 1990] p. 927; see also *Trustees of Rowan Technical College* v. [*J. Hyatt Hammond Associates, Inc.*], 313 N.C. 230, 234 n.3, 328 S.E.2d 274 [1985]." [Internal quotation marks omitted.]).

Despite their different functions, we have stated on more than one occasion that the three year provision in § 52-584 is the "repose *section of the statute of limitations.*" (Emphasis added; internal quotation marks omitted.) *Witt* v. *St. Vincent's Medical Center*, supra, 252 Conn. 369 n.5; *Sherwood* v. *Danbury Hospital*, 252 Conn. 193, 202 n.9, 746 A.2d 730 (2000); see *Blanchette* v. *Barrett*, 229 Conn. 256, 258 n.1, 640 A.2d 74 (1994); see also *Navin* v. *Essex Savings Bank*, 82 Conn. App. 255, 263, 843 A.2d 679 (2004); *Sanborn* v. *Greenwald*, 39 Conn. App. 289, 296, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995). Similarly, this court often has used the term "statute of limitations" to refer to other statutes that technically function more like statutes of repose. See *DeLeo* v. *Nusbaum*, 263 Conn. 588, 597, 821 A.2d 744 (2003) (referring to General Statutes § 52-577 as "statute of limitations" for legal malpractice claims); *Fichera* v. *Mine Hill Corp.*, 207 Conn. 204, 205, 541 A.2d 472 (1988) (referring to General Statutes § 42-110g [f] as Connecticut Unfair Trade Practices Act "statute of limitations"); *Daily* v. *New Britain Machine Co.*, 200 Conn. 562, 565, 512 A.2d 893 (1986) (referring to General Statutes § 52-577a as products liability "statute of limitations"); *Bound Brook Assn.* v. *Norwalk*, 198 Conn. 660, 665 and n.8, 504 A.2d 1047, cert. denied, 479 U.S. 819, 107 S. Ct. 81, 93 L. Ed. 2d 36

(1986) (referring to §§ 52-584 and 52-577 as "statute[s] of limitations"). Therefore, if, in our parlance, we continue to use the term statute of limitations in a global sense, the ninety day extension in § 52-190a (b) would apply also to extend the three year period in § 52-584 as well as the two year limitation period.

We recognize that § 52-190a (b) uses the term "statute of limitations," and that, on its face, the statute does not provide expressly for a "statute of repose" in its provisions. We note, however, that the word "repose" exists only in one statute; see General Statutes § 52-102b (b) and (d); while numerous other statutory provisions have repose sections that do not refer expressly to that term. See, e.g., General Statutes § 52-577 ("[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of"); General Statutes § 52-577a (a) ("[n]o product liability claim . . . may be brought against any party nor may any party be impleaded pursuant to subsection [b] later than ten years from the date that the party last parted with possession or control of the product"); General Statutes § 52-577d ("[n]otwithstanding the provisions of section 52-577, no action to recover damages for personal injury to a minor, including emotional distress, caused by sexual abuse, sexual exploitation or sexual assault may be brought by such person later than thirty years from the date such person attains the age of majority"); General Statutes § 52-584a (a) (no action against architect, professional engineer or land surveyor may be brought "more than seven years after substantial completion of such improvement"); General Statutes § 52-584b (no action against attorney for negligent, reckless or wanton misconduct in preparation, execution and delivery of attorney's title certificate, opinion or title search "may be brought more than ten years from the date of such delivery"). Therefore, in light of the legislature's repeated apparent use of the

phrase "statute of limitations" as also encompassing a statute of repose, and considering our own practice of doing the same, we conclude that the ninety day extension provided by § 52-190a (b) applies equally to both sections of § 52-584.

We acknowledge that § 52-190a generally is not viewed as a remedial statute because it was enacted for the benefit of health care providers, not injured plaintiffs. See *Bruttomesso* v. *Northeastern Connecticut Sexual Assault Crisis Services, Inc.*, 242 Conn. 1, 15, 698 A.2d 795 (1997) ("[t]he purpose of the legislation is to inhibit a plaintiff from bringing an inadequately investigated cause of action, whether in tort or in contract, claiming negligence by a health care provider"). Its purpose, however, is what necessitates the investigation prior to the filing of an action to determine whether there are grounds for a good faith belief that there has been negligence in the care and treatment of the claimant. That additional burden to conduct a reasonable inquiry necessitates the additional ninety days in which to do so, which is essential to ameliorate the "harsh consequences of the occurrence rule . . . ." *DeLeo* v. *Nusbaum*, supra, 263 Conn. 594.

Moreover, we note that, when enacting § 52-190a in 1986, the legislature used the term "statute of limitations" following this court's decision in *Prokolkin* v. *General Motors Corp.*, 170 Conn. 289, 294, 365 A.2d 1180 (1976), wherein we characterized the three year limitation period, in both §§ 52-577 and 52-584, measured from the " 'date of the act or omission complained of,' " as "statutes of limitations for torts . . . ."

In addition, the Practice Book provision setting forth what facts may be proved under a general denial and what defenses must be specially pleaded; Practice Book

§ 10-50;[7] identifies the defense of the statute of limitations but not the statute of repose. Were we to conclude that the use of the term "statute of limitations" necessarily excluded the repose provisions of the various statutes addressing time limitations within which claims must be brought, we necessarily would be indicating that the repose provisions could be raised without first being specially pleaded. This would be a nonsensical result, one we should attempt to avoid. "[B]ecause [t]he law favors rational and sensible statutory construction . . . *Connelly* v. *Commissioner of Correction*, 258 Conn. 394, 407, 780 A.2d 903 (2001); we interpret statutes to avoid bizarre or nonsensical results. See, e.g., *Southington* v. *Commercial Union Ins. Co.*, 254 Conn. 348, 360, 757 A.2d 549 (2000). [I]f two constructions of a statute are possible, we will adopt the one that makes the statute effective and workable. . . . *Nizzardo* v. *State Traffic Commission*, 259 Conn. 131, 157, 788 A.2d 1158 (2002)." (Internal quotation marks omitted.) *State* v. *Sandoval*, 263 Conn. 524, 553–54, 821 A.2d 247 (2003).

The defendants point to the legislative debates regarding tort reform during which Representative Richard D. Tulisano introduced an amendment, which ultimately was rejected, that would have "remove[d] the statute of repose" from § 52-584. See 29 H.R. Proc., Pt. 16, 1986 Sess., p. 6042. That sole reference in a debate regarding a failed amendment is not sufficient

[7] Practice Book § 10-50 provides: "No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. Thus, accord and satisfaction, arbitration and award, coverture, duress, fraud, illegality not apparent on the face of the pleadings, infancy, that the defendant was non compos mentis, payment (even though nonpayment is alleged by the plaintiff), release, the *statute of limitations* and res judicata must be specially pleaded, while advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be the plaintiff's own." (Emphasis added.)

justification to reject what is otherwise the more reasonable interpretation, consistent with our previous expressions.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.