16-2776-cv
Pritsker v. American Gen. Life Ins. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand seventeen.

PRESENT: RALPH K. WINTER,
　　　　　REENA RAGGI,
　　　　　　　*Circuit Judges*,
　　　　　ALVIN K. HELLERSTEIN,
　　　　　　　*District Judge*.[*]

---

ROBERT L. PRITSKER,

　　　　　　*Plaintiff-Appellant*,

　　　v.　　　　　　　　　　　　　　　　No. 16-2776-cv

AMERICAN　GENERAL　LIFE　INSURANCE COMPANY,

　　　　　　*Defendant-Appellee*.

---

APPEARING FOR APPELLANT:　Robert Pritsker, *pro se*, Weston, Connecticut.

APPEARING FOR APPELLEE:　JASON A. RICHARDSON (David T. McDowell, *on the brief*), Edison, McDowell & Hetherington LLP, Houston, Texas.

---

[*]　Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 19, 2015, is AFFIRMED.

Plaintiff Robert L. Pritsker, *pro se*, filed this action on April 30, 2015, asserting causes of action sounding in negligence, fraud, professional malpractice, and contract against American General Life Insurance Company ("AGL") for failing to perform due diligence on the Strategic Stable Return Fund (ID) ("SSR"), a hedge fund into which he invested $500,000 of an AGL annuity. Pritsker here appeals from the district court's denial of his motion for reconsideration of the dismissal of his claims as barred by the applicable statutes of limitations. Pritsker concedes injury from his investment in the SSR Fund on January 26, 2008, a date outside the lengthiest of the statutes of limitations applicable to his claims. *See* Conn. Gen. Stat. § 52-576(a) (affording six years to sue on any "simple or implied contract"). He nevertheless argues that the limitations period was tolled and, therefore, did not begin to run until August 2, 2013, because of AGL's (1) fraudulent concealment of its own inadequate due diligence into the SSR Fund and (2) ongoing wrongful conduct. We review the district court's dismissal on statute-of-limitations grounds *de novo*, *see Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015), and its order declining to reconsider that decision

2

only for abuse of discretion, *see Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015).[2]   In

so doing, we assume the parties' familiarity with the facts and record of prior

proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Fraudulent Concealment

Under Connecticut law, where a defendant "fraudulently conceals" the existence

of a cause of action, it is deemed not to accrue until "the person entitled to sue thereon

first discovers its existence."   Conn. Gen. Stat. § 52-595.   To establish this basis for

tolling, the plaintiff must plausibly allege that he was "ignorant of the facts that the

defendant has sought to conceal," *Martinelli v. Bridgeport Roman Catholic Diocesan

Corp.*, 196 F.3d 409, 427 (2d Cir. 1999); and that the defendant was aware of the fact,

intentionally concealed it, and did so to delay the filing of the plaintiff's claim, *see Falls

Church Grp., Ltd. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 105, 912 A.2d 1019,

1032–33 (2007).   Connecticut courts have extended this tolling doctrine to a defendant's

failure to disclose material facts to a person towards whom he owed a fiduciary duty.

*See id.* at 107–08, 912 A.2d at 1034.   To allege such a relationship, a plaintiff must

plausibly plead a "unique degree of trust and confidence between the parties, one of

whom has superior knowledge, skill or expertise and is under a duty to represent the

interests of the other."   *Id.* at 108, 912 A.2d at 1034.

---

[2] We liberally construe Pritsker's notice of appeal as addressing both the district court's denial of his motion for reconsideration and prior dismissal order, such that *de novo* review is proper.   *See Marvin v. Goord*, 255 F.3d 40, 42 n.1 (2d Cir. 2001) (construing notice of appeal as raising both judgment of dismissal and denial of motion for reconsideration in light of plaintiff's apparent intent and *pro se* status).

Pritsker asserts that AGL owed him a fiduciary duty in connection with his purchase of a $500,000 AGL annuity and decision to invest it in the SSR Fund, based on AGL's superior knowledge of the fund, Pritsker's proximity to retirement age, and his lack of professional investing experience. This fraudulent-concealment theory is not plausible because, as Pritsker concedes, (1) the SSR Fund was not operated by AGL; (2) he had decided to invest therein before contacting AGL, which he merely used as an investment conduit; and (3) in doing so, he relied upon the investment advice of his then-broker. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts[.]" (internal quotation marks omitted)). While a fiduciary relationship need not conform to the mold of a lawyer or bailee, and may well arise in "new situations" if the facts suggest a "justifiable trust confided on one side and a resulting superiority and influence on the other," *Falls Church Grp., Ltd. v. Tyler, Cooper & Alcorn*, 281 Conn. at 108–09, 912 A.2d at 1034–35; *see id.* (identifying fiduciary relationship between retirement home and occupants provided with health and medical care), that is not this case given Pritsker's concessions that his decision to invest in SSR occurred prior to, and formed the basis for, contacting AGL.[3]

In any event, even if AGL had entered a fiduciary relationship with Pritsker, he cannot plausibly plead ignorance of the facts necessary to file a timely claim. *See*

---

[3] We do not address whether a Connecticut purchaser who does rely upon an annuity or insurance provider with superior knowledge of an underlying financial product would be able plausibly to allege that the provider acted as a fiduciary.

4

*Martinelli v. Bridgeport Roman Catholic Diocesan Corp.*, 196 F.3d at 427. Pritsker's awareness of his claim well before August 2, 2013, is evidenced by his May 2012 filing of an arbitration action against his broker-dealer alleging, as he does here, that the AGL annuity was a bad investment. Indeed, Pritsker's cause of action fails under even the six-year statute of limitations period applicable to his contract claims, *see* Conn. Gen. Stat. § 52-576, because the SSR Fund's failure—and refusal to redeem investor claims—occurred almost seven years before he filed this action.[4] To the extent Pritsker asserts that the concealed fact was not that the SSR fund was likely to fail, but the specific *guidelines* to which ADL was supposed to adhere in offering the fund on its platform, we have already explained why such guidelines were not material to Pritsker's decision to invest in the SSR Fund independently of and before approaching AGL. Indeed, Pritsker concedes that the purpose of the annuity structure was to distance himself from knowledge of the fund he had chosen, as communications relating to the quality of the underlying financial products could have resulted in unfavorable income-tax treatment.

---

[4] Because we conclude that Pritsker's tolling argument fails, we need not address the extent to which the causes of action presented here are categorically ineligible for tolling. *See, e.g.*, *Neuhaus v. DeCholnoky*, 280 Conn. 190, 201–02, 905 A.2d 1135, 1142–43 (2006) (explaining exceptions allowing for tolling of "statute of repose contained in § 52-584"); *Barrett v. Montesano*, 269 Conn. 787, 794–96, 849 A.2d 839, 845–46 (2004) (same, as to § 52-577); *see also State v. Lombardo Bros. Mason Contractors, Inc.*, 307 Conn. 412, 443, 54 A.3d 1005, 1025 (2012) (explaining ambiguities between limitation and repose periods under Connecticut state law).

2.    Continued Wrongful Conduct

Pritsker also argues that AGL's conduct caused him continuing harms, thereby tolling the statute of limitations through the present date.  *See Flannery v. Singer Asset Fin. Co., LLC*, 312 Conn. 286, 311–12, 94 A.3d 553, 569 (2014) ("When the wrong sued upon consists of a continuing course of conduct, the statute does not begin to run until that course of conduct is completed." (alterations and internal quotation marks omitted)). The argument merits little discussion because Pritsker's allegations against AGL are limited to (1) an agent's pre-2008 communications regarding the annuity; (2) Pritsker's January 2008 purchase of the annuity; and (3) AGL's refusal to authorize withdrawal of annuities for two unrelated investors that same month, each of which occurred more than seven years before the instant complaint was filed.  AGL's subsequent silence in failing to disclose issues relating to Pritsker's investment is, absent a duty to speak, no basis for tolling.  *See id.* at 321, 94 A.3d at 575 ("In the absence of a continuing special relationship, there must be a subsequent wrongful act that is related to the prior negligence." (alterations and internal quotation marks omitted)).   The remaining actions Pritsker alleges, which allegedly prevented him from extracting his investment in the SSR Fund, are attributable to managers of that fund, not AGL.

To the extent Pritsker alleges that he continues to be injured in the form of AGL's management fees, those fees are not the harm of which he complains, *i.e.*, the loss in value of the SSR Fund.   Further, Pritsker does not contend that he is precluded from avoiding those fees by terminating his annuity contract with AGL.   Pritsker argues only

6

that he has not done so because it would result in a contractual early-termination fee, which he does not allege to be unlawful.

Accordingly, we conclude that Pritsker failed plausibly to allege that AGL engaged in such continued violations as would toll the applicable statutes of limitations.

3.    Conclusion

We have considered Pritsker's remaining arguments and conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

                    FOR THE COURT:
                    CATHERINE O'HAGAN WOLFE, Clerk of Court